UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:12-cr-80 |
| v. ) | |
| ) | *Collier / Lee* |
| DARIEN HOUSTON ) | |

**REPORT AND RECOMMENDATION**

With leave of Court [Doc. 50], Defendant Darien Houston filed a second (untimely) motion to suppress [Doc. 49] arguing that because the Chattanooga Police Department officers who executed a search warrant at his residence violated the "knock-and-announce" rule, all evidence located during the execution of the warrant must be suppressed. The government opposed the motion and argued an evidentiary hearing was not necessary because even if the "knock-and-announce" rule was violated, which the government denies, suppression is not an available remedy [Doc. 51]. Defendant filed a reply asserting a hearing is necessary to determine the circumstances of the alleged "knock-and-announce" rule violation and to determine the appropriate remedy [Doc. 53]. The motion to suppress is now ripe and has been referred for a report and recommendation [Doc. 50]. For the reasons stated herein, I conclude an evidentiary hearing is unnecessary and I **RECOMMEND** that the motion to suppress be **DENIED**.

I.   **BACKGROUND**

In addressing Defendant's prior motion to suppress, the Court found probable cause supported issuance of the state search warrant obtained to search the home where Defendant stayed [Doc. 44]. It is not necessary to repeat the Court's factual findings and legal conclusions herein; but in summary, the Court held the warrant properly authorized the search for weapons as the affidavit submitted to obtain the warrant provided probable cause to search for evidence of firearms-related

crimes.

Defendant now questions the execution of the warrant alleging a violation of the well-known knock-and-announce rule. Defendant contends the officers executing the warrant violated the Fourth Amendment because they used a passkey from the housing authority to let themselves into the residence and failed to announce their presence before entering the residence via the passkey. Defendant further alleges the officers did not announce their identity and presence at all; they instead crept up the stairs to the bedroom where Defendant and another person slept in the nude, drew their weapons, and began to yell for Defendant and his companion to get up.

The government contends the officers did knock and announce their presence and use of a passkey does not indicate otherwise. Further, the government argues that even if the police had violated the knock-and-announce rule, suppression is not an appropriate remedy under *Hudson v. Michigan*, 547 U.S. 586, 594 (2006) (the exclusionary rule does not apply to knock-and-announce violations) as recognized in *United States v. Williams*, 272 F. App'x 473, 476-77 (6th Cir. 2008) ("suppression is not an available remedy for [a] knock and announce claim") and *United States v. Ferguson*, 252 F. App'x 714, 720 (6th Cir. 2007) (concluding it was unnecessary to reach the factual question of whether the officers knocked and announced as "the exclusion of evidence was not an available remedy"). The government is correct that Defendant's Fourth Amendment argument seeking suppression based on a failure to knock and announce, the only argument raised by Defendant in the second motion to suppress, fails.

In *Hudson*, the Supreme Court held a violation of the knock-and-announce rule does not require the suppression of all evidence found in a search. 547 U.S. at 594, 599. The police in *Hudson*, like the police in the instant matter, already possessed a valid search warrant and were

2

executing it on the residence in question when the alleged violation of the knock-and-announce rule occurred. *See id.* at 588. In what may be considered a significant departure from prior precedent, the Court in *Hudson* held, "the knock-and-announce rule has never protected . . . one's interest in preventing the government from seeing or taking evidence described in a warrant[,]" and since the interests protected by the knock-and-announce rule have "nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable." *Id.* at 594.

For purposes of determining this motion, I will assume *arguendo* that the officers' entry was a knock-and-announce violation. Any such failure to follow the knock-and-announce rule, however, does not result in the requested suppression of evidence because suppression is no longer an available remedy for a violation of the knock-and-announce rule. *Hudson*, 547 U.S. at 594; *Williams*, 272 F. App'x at 476-77; *Ferguson*, 252 F. App'x at 720; *see also United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009) (holding it was not necessary to address justifications for no-knock warrant because suppression is not a remedy for violation of the knock-and-announce rule); *United States v. Smith*, 526 F.3d 306, 311 (6th Cir. 2008) (holding it was not necessary to determine if a violation of the knock-and-announce rule occurred in a case where officers did not need a warrant to search because suppression is not a remedy for violation of the knock-and-announce rule). Defendant's reliance on pre-*Hudson* authority to the contrary is simply unavailing and none of the cases cited by Defendant (or found by the undersigned) provide a basis for suppression even if a violation of the knock-and-announce rule occurred under the circumstances alleged by Defendant.

In sum, it is not necessary for the Court to determine the circumstances of the officers' entry to execute the search warrant because, even if other remedies may be available to Defendant if the

3

officers violated the knock-and-announce rule, suppression is simply not one of the available remedies.

## III. CONCLUSION

For the reasons stated above, I **RECOMMEND**[1] that Defendant's motion to suppress [Doc. 49] be **DENIED**.

                                               s/ *Susan K. Lee*
                                               SUSAN K. LEE
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are "frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).