UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:12-CR-80 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| DARIEN HOUSTON | ) | |

**MEMORANDUM**

"Indeed, we find ourselves drawn toward yet a third well-known expression—namely, that 'no good deed goes unpunished.'" *United States v. Hogg*, --- F.3d ----, 2013 WL 3835409, at *2 (6th Cir. July 26, 2013). That maxim is at play in this case. Seeking to accommodate Defendant Darien Houston's ("Defendant") numerous requests for hearings and requests for additional time, the Court did not try this case within the time limits of the Speedy Trial Act. Being grateful for the Court's solicitude, Defendant has filed a motion to dismiss the indictment pursuant to the Speedy Trial Act (Court File No. 71). The Government has filed a response in opposition (Court File No. 74). For the reasons provided below, the Court will **GRANT** Defendant's motion to dismiss the indictment **without prejudice** (Court File No. 71).

I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 2012, Defendant was indicted by a federal grand jury for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Court File No. 3). Defendant's arraignment was held on June 20, 2012, before United States Magistrate Judge Susan K. Lee (Court File No. 7). At the hearing, Defendant was appointed Federal Defender Anthony Martinez and a trial date was set for September 24, 2012. On August 29, 2012, Defendant filed the first of many *pro se* motions despite being represented by counsel--this particular filing was a motion to substitute

counsel (Court File No. 13). In the motion, he stated he wanted a new attorney because he did not believe his attorney was adequately representing his interests. After holding a hearing and determining that Defendant's concerns had been resolved, the magistrate judge denied Defendant's *pro se* motion on September 4, 2012 (Court File No. 16). Defense counsel then filed a motion for a continuance on September 7, 2012, indicating that due to the prior mis-communication between Defendant and counsel, he needed additional time to confer with his client about how to proceed with the case (Court File No. 17). The Court entered an order continuing the case after performing an "ends of justice" analysis and reset the trial for November 19, 2012 (Court File No. 18).

On October 26, 2012, Defendant filed a *pro se* motion to suppress and motion for hearing (Court File Nos. 25, 26), which this Court denied because Defendant was represented by counsel (Court File No. 35). On November 9, 2012, Defendant's attorney filed a motion for leave to file a motion for a *Franks* hearing out of time and a motion for a *Franks* hearing (Court File Nos. 30, 36). Also, on November 13, 2012, in the abundance of caution, Defendant's attorney filed a motion to continue (Court File No. 31). In an order dated November 15, 2012, the Court acknowledged Defendant had established good cause for seeking leave to file an out of time motion for a *Franks* Hearing; the Court did not use the ends of justice language in this order or the accompanying scheduling order (*see* Court File Nos. 35, 37). The magistrate judge held a hearing on Defendant's motion and drafted a Report and Recommendation ("R&R") on November 27, 2012, recommending that Defendant's motion be denied (Court File No. 41). The Court accepted and adopted the magistrate judge's findings and denied Defendant's motion on December 12, 2012 (Court File No. 45).

That same day, as noted by the Government in its response brief, the Court received an email

2

from counsel informing the Court that the parties had entered into a plea agreement and that the Government would send a copy of the plea agreement to the Court the next day (Court File No. 74-1). Defendant's counsel at the time was included on the email message. The Court did, in fact, receive and review the plea agreement in the subsequent days.

On January 4, 2013, a scheduling order was issued setting a new trial date for March 4, 2013 (Court File No. 46). This order was entered in error; the Court should have instead entered an order setting a date for Defendant's rearraignment. Before this error could be corrected on the docket, Defendant's attorney filed a motion for leave to file a motion to suppress out of time and a motion to suppress (Court File Nos. 47, 49). The Government opposed these motions observing that any issues that could have been raised should have been raised in Defendant's first untimely motion to suppress (Court File No. 48). Nonetheless, the Court referred the order to the magistrate judge on February 5, 2013 (Court File No. 50), the magistrate judge issued an R&R on February 20, 2013 (Court File No. 54), and Defendant via counsel filed an objection February 26, 2013 (Court File No. 55). The Court issued an order on March 26, 2013, accepting and adopting the R&R and denying Defendant's motion to suppress (Court File No. 56). An order was issued the next day rescheduling the trial for May 20, 2013 (Court File No. 57).

On April 23, 2013, defense counsel filed a motion to withdraw due to a conflict of interest (Court File No. 58), which was granted by the magistrate judge the next day (Court File No. 59). On April 26, 2013, Defendant's new attorney, Paul Bergmann, filed a motion to continue (Court File No. 60), in which he explained he would need additional time to get apprised of the facts and issues in the case and interview his client and other potential witnesses. In light of defense counsel's motion, an order was issued resetting a new trial date for July 8, 2013 (Court File No. 62). No ends

3

of justice determination, however, was made in the order. On June 14, 2013, Defendant filed a *pro se* motion to substitute attorney (Court File No. 66), which the magistrate judge ultimately granted (Court File No. 69). Attorney Frederick L. Ortwein, current counsel, was substituted for Mr. Bergmann on June 20, 2013. That same day, the magistrate judge issued a new scheduling order resetting the trial date for August 19, 2013, after making an ends of justice determination (Court File No. 70).

Now pending before the Court is Defendant's motion to dismiss the indictment under the Speedy Trial Act, which was filed on July 24, 2013 (Court File No. 71).

## II. DISCUSSION

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, creates a right to a speedy trial independent of the defendant's constitutional rights. The Act imposes specific time limits during which a defendant must be tried. 18 U.S.C. § 3161(c)(1). In particular, the trial must commence either within seventy days of the filing date of the information or indictment or from the date on which the defendant makes an appearance before a judicial officer, whichever occurs later. *Id.* If the time limits are not followed, the Speedy Trial Act mandates dismissal of the information or indictment.

The Act provides that certain periods of delay are excludable. 18 U.S.C. § 3161(h). Those periods of delay include but are not limited to "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D); "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government," § 3161(h)(1)(G); and "delay reasonably attributable to any period, not to exceed thirty days, during

4

which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(H). Also excludable is "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). These periods of delay, however, are only excludable if the court sets forth "either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(B).

The applicable start date from which the speedy trial clock would run in this case would be the date of Defendant's initial appearance, which was July 20, 2012. Defendant's motion to dismiss the indictment was filed on July 24, 2013. Thus, from the date of Defendant's initial appearance to the filing of the instant motion, 369 days had passed. From the outset, the Court acknowledges that calculating the number of days that have elapsed under the Speedy Trial Act in this case poses a number of unique challenges given the numerous motions that have been filed, events unaccounted for on the docket sheet (i.e. the submission of the plea agreement entered into by the Government and Defendant),[1] and general challenges that arise in trying to decipher not only if an event should be treated as excludable, but also how much time should be excluded. Defendant argues one hundred twenty of those days are excludable under the Speedy Trial Act. Therefore, the 70 day time period allowed under the Speedy Trial Act has been exceeded by 180 days. Most of Defendant's grounds for dismissal pertain to either periods of time in between the filing of motions that is unaccounted

---

[1] At the time, Defendant was still represented by his first attorney.

5

for and orders issued by the Court that did not contain the requisite ends of justice language. The Government concedes the time from Defendant's initial appearance exceeds 70 days due to various technical violations and essentially adopts Defendant's calculations with one exception. The Government contends the Speedy Trial Act has been exceeded by 161 days, given that the time period between December 17, 2012 and January 4, 2013, is accounted for despite Defendant's arguments to the contrary.[2]

Irregardless, it is undisputed that the 70 days allowed under the Speedy Trial Act has been exceeded. Because the parties both agree the delays in this case stem from technical violations of the Speedy Trial Act, and this Court is in agreement based upon its own review of the record,[3] the Court concludes there has been a violation of the Speedy Trial Act, which necessitates dismissal.[4]

---

[2] Because Defendant incorrectly determined 370 total days had elapsed, not 369 days, both Defendant and the Government's estimates need to be adjusted by one day.

[3] Although the Court does not adopt the parties' exact calculations, including but not limited to the reasons that have already been noted, this does not change the fact that the number of days allowed under the Speedy Trial Act has been exceeded.

[4] The Government aptly points out that some of the technical violations--i.e. the Court's failure to include the "Ends of Justice" language in certain scheduling orders--can be cured if the Court provides its justifications in this memorandum. *See United States v. Richardson*, 681 F.3d 736, 739 (6th Cir. 2012) ("The court does not have to give its reasons contemporaneously with the grant of the continuance; it need only give the reasons no later than the ruling on the defendant's motion to dismiss on Speedy Trial Act grounds."); *see also United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993) ("Although the court is not required to state findings at the time that the continuance is granted, the findings 'must actually have been the factors motivating [its] decision to grant the continuance.'"(quoting *United States v. Crane*, 776 F.2d 600, 606 (6th Cir. 1985))). *But see United States v. Moran*, 998 F.2d 1368, 1372 (6th Cir. 1993) (discouraging post-hoc rationalization).

Of particular interest to this Court is *United States v. Stone*, 461 F. App'x 461, 464-67 (6th Cir. 2012), which addressed, *inter alia*, a district court's use of a case management order to continue the case, although that order did not contain an ends of justice analysis. The Sixth Circuit explained, "[t]he fact that the continuance was not designated as such, but rather took the form of setting the trial date in a case-management order, is also not fatal." *Id.* at 466. The court continued, "[t]he effect of the district court's case-management order was to grant a continuance, and that continuance was

6

Case 1:12-cr-00080-CLC-SKL   Document 76   Filed 08/09/13   Page 6 of 11   PageID #: 356

The next issue is whether the indictment should be dismissed with or without prejudice. In making this determination, a court should consider the following non-exclusive factors: "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3161(a)(2); *United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011). The Court will address each factor in turn.

    1. Seriousness of the Offense

Defendant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). While Defendant admits a violation of § 922(g)(1) is a serious offense, he also points out that the term "serious" is relative, and this offense is not comparable to numerous other charges faced by defendants who come before this Court. The Government acknowledges Defendant's argument. However, it also points out that the seriousness of the offense is heightened here where Defendant--who has two prior convictions for Possession of Cocaine for Resale and one prior conviction for Second Degree Burglary, among other felony convictions--would likely qualify as an Armed Career Criminal.

As the parties have already noted, this may not be among the most serious offenses brought

---

properly justified by the court's reasoning in response to defendants' motion to dismiss." *Id.*

    The Court observes that, in most cases, the ends of justice language is included in the Court's orders or the Court would easily be able to provide an explanation in the absence of such language as did the court in *Stone*. In the instant case, however, the Court in retrospect concludes it was overly generous to Defendant, Defendant's counsel, and the Government in granting continuances, and some of those continuances would not satisfy the ends of justice requirements. Accordingly, the Court will not attempt to "cure" any sort of deficiency at this time.

7

before this Court if the focus is solely the substantive nature of the offense. However, the seriousness of an offense can also be measured by taking into account the statutory penalties imposed by Congress. In this instance, if Defendant does in fact have the requisite prior convictions as averred by the Government he would qualify as an Armed Career Criminal under 18 U.S.C. § 924(e). "Congress intended the statute to punish recidivism, to punish career criminals who had committed three felonies on separate occasions." *United States v. Graves*, 60 F.3d 1183, 1187 (6th Cir. 1995). Thus, because the offense at issue is "serious," this factor weighs in favor of dismissal without prejudice.

2. Facts and Circumstances of the Case that Led to Dismissal

Both Defendant and the Government acknowledge the primary reasons for delay--whether excludable or non-excludable--point back to Defendant. As a preliminary matter, the Court acknowledges that some of the technical violations are attributable to the Court's failure to perform an ends of justice analysis in every order. With that said, as the parties are well aware, the number of scheduling orders issued in this case reached an unwieldy number because the Court found itself continually resetting the calendar to accommodate the parties after each motion filed by Defendant was resolved. The alternative would have been to set the trial date for the day immediately following the resolution of said motions, especially once the time period allowed under the Speedy Trial Act had run. While certainly not ideal, this would have avoided the current problems in the absence of a meritorious motion to continue filed by counsel.

The parties, however, admit Defendant is the primary reason for delay (again, both excludable and non-excludable) in this case. From Defendant's perspective, the circumstances leading up to the dismissal of this indictment are based upon his efforts to suppress evidence. In

8

particular, he believes law enforcement erred in providing inaccurate dates and other non-credible information in the affidavit used to obtain a search warrant; this is why he sought a *Franks* hearing. The Government, however, contends Defendant's attempts to delay this litigation extend far beyond his efforts to obtain a *Franks* hearing. Instead, the Government points out that Defendant or Defendant's attorney at Defendant's request filed numerous motions for continuances, motions for new counsel, motions to file late motions, and motions to suppress evidence. The Government also points out that Defendant even entered a plea agreement at one point only to then change his mind.

While the Court recognizes Defendant has every right to file a timely pre-trial motion, the Court observes that Defendant--either on his own through *pro se* filings or via counsel--has filed an excessive number of motions that had the effect of delaying the proceedings. Due to several motions for new counsel and the accompanying hearings, Defendant has been appointed three different attorneys. The Court also observes multiple motions to suppress and/or motion for *Franks* hearing were filed, all of which were untimely.[5] All of those motions were also subsequently denied. Further, as noted by the Government, one of the periods of delay that Defendant now seeks to argue is non-excludable time can be attributed to the period of time in which the Court had received and reviewed Defendant's plea agreement, which Defendant later rescinded. Finally, the Court observes the Government has been diligent in prosecuting this case and there is no indication that any of the delays in the case are directly attributable to the Government's actions.

---

[5] The Court is not in any way implying counsel was not diligent in filing motions on Defendant's behalf. In fact, the Court is of the opinion that all three of Defendant's attorneys provided adequate representation.

With regard to the motions for leave, the Court is under the impression that counsel had initially determined there was no need to file the motions to suppress, but at Defendant's insistence, sought leave to late-file various pre-trial motions.

9

Considering the entire record, the Court recognizes that part of the delay is due to technical violations on the part of the Court. At the same time, however, it is undisputed that Defendant is primarily responsible for much of the delay in this case. Therefore, this factor weighs in favor of dismissal without prejudice.

3. Impact of Reprosecution

Finally, the Court must consider the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay, and whether the government engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (internal citations omitted). The Court is not aware of any "actual prejudice" experienced by Defendant. In fact, Defendant does not even attempt to argue that he experienced any particularized prejudice in his motion. Moreover, there is no evidence in the record supporting any conclusion that the Government engaged in any prosecutorial misconduct in this case. Thus, this factor weighs in favor of dismissal without prejudice.

Accordingly, the Court concludes the dismissal of the indictment should be without prejudice.

III. **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant's motion to dismiss the indictment **without prejudice** (Court File No. 71).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**